*Bayard* and *Ridgely* [for plaintiff]. *Bassett, Hall* and *Clayton* [for defendant].

December 23, 1779, Elizabeth Lockerman, who afterward married Mr. Miller, was born. Action brought December 15, 1803, eight days before the Act began to run.

*Hall* for defendant. Probate by 1 Del.Laws 420 should have been made and, [2 Del.Laws] 890 requires that the principal should be shown to be insolvent etc.

*Bayard.* Under the pleadings the second point should have been pled in abatement. The law does not place the creditor in same situation as the heir. Probate is not necessary in this case, State being plaintiff, and no money to be recovered. The judgment is only for the use of creditors who may sue.

*Clayton* for defendant. Formerly executors were not bound to give security. The Act in my opinion makes no distinction between heirs and creditors. Probate is necessary as Mrs. Miller is the only person entitled to receive money before she has a right to sue the administrator. She ought to make the probate.

*Bassett.* Nothing in the Act that declares the defendant should plead in abatement.

CHIEF JUSTICE BOOTH. Limitations and *non est factum* in this case waived or not established. By the Act, [1 Del.Laws] 420, the probate is directed, but we are [of] opinion the probate in this case is not necessary. The Act of 1787, [2 Del.Laws] 890, we are inclined to the opinion that section 1 of that law does not apply to heirs or that the party should plead in abatement or otherwise.

## DAVID BLOXAM v. CORNELIUS LANK.

### Court of Common Pleas.

*Rodney's Notes.*

*Bayard* [for plaintiff]. *Wilson* [for defendant].

This action is brought against M. Lank, garnishee of Cornelius Lank.

Thomas Johnson. When we went to sea, Cornelius Lank told me he left some money in M. Lank's hands (what is here said not legal evidence). I told this to M. Lank when we returned, he did not reply to it. Cornelius died in the West Indies. He laid out all his money in Philadelphia in clothing and board, which I believe was but $16 he received in advance.

Tab. Dorman. I knew C. Lank, was born March 5, 1776. He went off in May, 1796 or preceding March, 1797.

Samuel Paynter. I was present when C. and M. Lank settled the balance in Mitchel's hands, was $30, and I lent the money to Mitchel and he paid Cornelius, and a short time (within a week) Mitchel repaid me. This was about two years past. He had been the season before in the shallop, and Fleetwood, the skipper, paid him, and Cornelius paid me what he owed me after he received this money from Mitchel. About 24 shillings rent was paid to Mitchel, as garnishee to Cornelius. Money was paid before the end of the court.

Joseph Fleetwood. Cornelius gave Mitchel a receipt for $30. This was immediately after the trial. He went to Philadelphia three days after receiving this money. I gave him $6 per month and paid him.

Thomas Lank. I think I got £26 or £27 for my share of my father's land. Cornelius paid me his board himself. He was bound to William King, stayed about three months.

March 9, 1791. Guardian bond of M. Lank. August 4, 1790, lands of Levin Lank, £339 allotted to M. Lank, 28.5.3 each. £156 personal. 14.3.10 each share.

Record of original action. *Capias* case. Verdict £50, April, 1795. Action brought, April, 1796. Attachment, April 30, and served a few days after.

T. Fisher, sworn. I served it either the same or next day and the same evening Cornelius went out the creek.

Book of M. Lank offered by *Mr. Peery*. And objection by *Wilson* that the guardian should have passed his account and given notice etc., 1 Del.Laws 42. We are creditors of the minor. If this account is not evidence against the minor, unless settled by Register, it is not against us. 1 Del.Laws 92, how guardians are to be discharged.

*Ridgely,* for support of *Peery's* motion. Plaintiffs bring their action against defendant during his minority, and levy their execution before the minor comes of age, and preclude a settlement.

We are legally called upon to account by *fieri facias* attachment. [1] Del.Laws 421, when a case brought before a court which originally belongs there, every matter relative to the question will incidentally follow.

*Peery.* The question of infancy must be decided before these accounts can be rejected.

*Bayard.* The question of infancy nor the case of *LeCaux v. Eden* does not apply; indeed, the latter is an express authority against them.

The Court admitted Mitchel Lank to prove his book and directed the same to be shown to the jury.

February, 1796. Account from C. to M. Lank for £24.

*Wilson* for plaintiff.

*Ridgely* for defendant.

*Peery* for defendant. Esp.N.P. 161, general rule infants are not liable but for necessaries.

*Bayard,* for plaintiff, in conclusion.

CHIEF JUSTICE. In this case the Court conceive infants are not bound except for necessaries generally, etc.

Verdict for £6.

## NEGRO CEASAR v. MITCHEL KIRSHAW.

Court of Quarter Sessions.

*Rodney's Notes.*

